IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LIFE INSURANCE COMPANY OF ) <br> NORTH AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONNA KAY THORNGREN, ) <br> AUSTIN THORNGREN, AMBER ) <br> THORNGREN, ANALISA JUAREZ, ) <br> and the ESTATE OF CURTIS D. ) <br> THORNGREN ) <br> ) <br> Defendants. ) <br> _____) | Case No. CV-04-464-S-BLW <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Objections to Court Order Regarding Motion for Discharge as Stakeholder, Motion for Restraining Order, and Request for Attorneys' Fees and Costs (Docket No. 30).  Plaintiff moves the Court to review its original motions for discharge, restraining order and attorneys' fees (Docket No. 12).  The Court also has before it Defendants' Motion for Attorneys' Fees and Costs (Docket No. 16).  For the reasons provided below, the Court will grant Plaintiff's motion for reasonable attorneys' fees and costs and deny all other motions.

**Memorandum Decision and Order - 1**

## FACTUAL AND PROCEDURAL HISTORY

Curtis Thorngren was an employee of Hewlett Packard. Mr. Thorngren's employee benefits plan included two insurance policies issued and administered by the Life Insurance Company of America ("LINA"). The first policy, Group Life Insurance Policy No. FLX-980005 ("Life Insurance Policy"), carries death benefits valued at $128,000.00. The second policy, Group Accident Policy Number OK980007 ("Accidental Death Policy"), is valued at $192,000.00. The total combined value of both policies (collectively "Policies") is $320,000.00.

On January 12, 2003, Curtis Thorngren was murdered at his home in Meridian, Idaho. His wife, Donna Thorngren, notified LINA of her husband's death on May 22, 2003. However, because Ms. Thorngren is both the sole beneficiary of the Policies and a suspect in her husband's murder, LINA did not distribute the Policies' proceeds to her.[1] Instead, on September 13, 2004, LINA filed this interpleader action.

With the Court's permission, LINA deposited $320,000.00 in insurance benefits, and $4,898.64 in interest (totaling $324,898.64), into the Court's registry on November 4, 2004. After depositing the funds, Plaintiff moved the Court to: (1)

---

[1] To date, no charges have been filed against Ms. Thorngren. If it is determined that she was involved in her husband's death, the funds will be distributed to Mr. Thorngren's children, Austin Thorngren, Amber Thorngren and Analisa Juarez.

**Memorandum Decision and Order - 2**

dismiss it as a party to this action; (2) enjoin Defendants from prosecuting future claims on the same policies; and (3) award Plaintiff attorneys' fees and costs for bringing the interpleader action.  On June 6, 2005, LINA deposited with the Court an additional sum of $1,877.00 in interest to correct what it considered a miscalculation of the interest amount.

Defendants opposed LINA's motion for discharge, restraining order, and attorneys' fees, contending that LINA had under-calculated the interest due. Defendants argue that LINA must remain a party to this action until the full amount owed to the Defendants is placed into the Court's registry.

On June 2, 2005, Chief Magistrate Judge Larry M. Boyle entered an order denying, without prejudice, Plaintiff's motion for discharge as stakeholder and its motion for attorneys' fees.  Additionally, Judge Boyle declined to rule on Plaintiff's motion to restrain – deferring to the decision of the judge assigned to handle dispositive matters in this case.  LINA now moves the Court to review its motion for discharge as a stakeholder, its motion to restrain Defendants from filing subsequent actions on the Policies, and its request for attorneys' fees. Additionally, LINA now asks the Court to determine the amount of interest it owes to Curtis Thorngren's beneficiaries.

## DISCUSSION

A.  **Standard of Review**

Judge Boyle denied, without prejudice, Plaintiff's motion for discharge as stakeholder and its motion for attorneys' fees.  Judge Boyle did not address Plaintiff's motion for injunctive relief, Defendants' motion for attorneys' fees, or Plaintiff's request for a determination on the interest owed to the beneficiaries.  It is, therefore, appropriate for the Court to consider all motions currently before it as though they were before the Court for the first time, and this Court will review the motions de novo.  See 28 U.S.C. §636(b)(1)(A).

B.  **Interpleader Actions Brought Under Federal Rule of Civil Procedure 22**

A plaintiff may bring an interpleader action before a federal court in one of two ways.  The party may employ either the federal interpleader statute, 28 U.S.C. §1335, or Federal Rule of Civil Procedure 22(1).  Interpleader actions brought under Rule 22(1) do not confer subject matter jurisdiction on a federal court. *Gelfgren v. Republic National Life Insurance Co.*, 680 F.2d 79, 81(9th Cir. 1982). As such, a party bringing an interpleader action under the rule must establish subject matter jurisdiction under 28 U.S.C. §1331 (federal question) or §1332 (diversity of citizenship). *Gelfgren*, 680 F.2d at 81.

The federal courts do not distinguish statutory from rule-based interpleader

**Memorandum Decision and Order - 4**

when addressing many issues, such as the award of attorneys' fees and costs. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§1703 & 1717 (3d ed. 2001). However, in this case, it is important to note that the two types of interpleader action are treated differently when the court considers providing injunctive relief. *General Railway Signal Co. v. Corcoran,* 921 F.2d 700, 706-707 (7th Cir. 1991); Wright et al., *supra*, § 1717.

LINA properly brought this interpleader action as a federal question, pursuant to Rule 22 and the Employee Retirement Income Security Act of 1974 ("ERISA"). Neither party has argued that subject matter jurisdiction exists based on diversity of citizenship. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n.6 (1983) (Jurisdiction may not be sustained on a theory that a party has not advanced.). Moreover, a statutory interpleader action would be improper here as all defendants are citizens of Idaho. 28 U.S.C. §1335(a) (requiring diversity of citizenship among claimants); *Gelfgren*, 680 F.2d at 81. For these reasons, and as discussed more fully below, the Court will apply the law that governs federal question interpleader brought under Rule 22(1).

C. **Plaintiff's Motion for Discharge as Stakeholder**

Discharge of a disinterested stakeholder is generally granted once the stakeholder has deposited all funds owed to the claimants into the registry of the

**Memorandum Decision and Order - 5**

court.  *Sun Life Assurance Company of Canada v. Thomas,* 735 F. Supp. 730, 733(W.D. Mich. 1990); *see also United Bank of Denver v. Oxford Properties*, Inc., 683 F. Supp. 755, 756 (D. Colo. 1988); *Federal Savings & Loan Insurance Corp. v. Bass*, 576 F. Supp. 848, 851 (N.D. Ill. 1983).  Where a dispute arises over the correct amount of principal or interest owed by the stakeholder, the court will normally deny a motion for discharge.  *See Bankers Trust Company of Western New York v. Crawford,* 559 F. Supp. 1359, 1365 (W.D. N.Y. 1983)(denying discharge where the plaintiff sought to reserve the right to contest an interest award).

     Accordingly, before deciding whether LINA may be dismissed from this action, the Court must decide whether LINA has deposited into the Court's registry all of the interest owed to Curtis Thorngren's beneficiaries.  In turn, this question can only be answered by determining the applicable legal rate of interest and the time period for which interest should be awarded.  Because the parties have provided insufficient information regarding the applicable time period, the Court is unable to calculate the interest award.  However, the Court provides the following analysis to assist the parties as they move forward.[2]

---

[2] LINA agrees that the beneficiaries are entitled to an interest award.  Because, the parties do not dispute this point, the Court will only address the limited question of how much interest the beneficiaries are entitled to receive.

**Memorandum Decision and Order - 6**

Defendants contend that the 12% per annum rate set forth in Idaho's Uniform Commercial Code is the applicable rate of interest in this case. Plaintiff counters that the Life Insurance Policy is subject to an interest rate set by the Idaho Insurance Code, but that ERISA preempts application of the same statutory interest rate to the Accidental Death Policy. The Court disagrees with both parties.

As previously stated, the only cause of action before the Court is LINA's ERISA based interpleader claim. Generally, the federal rate of interest should be applied to claims brought under federal law unless there is "substantial evidence" that equity requires the court to find otherwise. *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994); *Perkins v. Standard Oil of California,* 487 F.2d 672, 675 (9th Cir. 1973); *Dependahl v. Flagstaff Brewing Corp.,* 653 F.2d 1208, 1218 (8th Cir. 1981), *cert. denied,* 454 U.S. 968 (1981)("The question of whether interest is to be allowed, and also the rate of computation, is a question of federal law where the cause of action arises from a federal statute.")

More specifically, district courts have broad discretion in awarding pre-judgment interest in actions brought under ERISA. *See Nichols v. UNUM Life Insurance Co. of America,* 287 F. Supp.2d 1088, 1094 n.3 (N.D. Cal. 2003). While

**Memorandum Decision and Order - 7**

ERISA provides no interest rate for computing interest, "case law as a whole favors the use of the federal rate" set out in 28 U.S.C. § 1961(a). *Britton v. Long Term Disability Insurance Plan of Lovelace Institutes*, 217 F. Supp.2d 1207, 1210 (D. N.M. 2002). (quoting *Snow v. Aetna Insurance Co.,* 998 F. Supp. 852, 856 (W.D. Tenn. 1998))(surveying cases from several jurisdictions that have found the federal rate appropriate for determining pre-judgment interest); *see also Nichols,* 287 F. Supp.2d at 1095 (applying the federal rate without discussion).

     Defendants have argued that, as a matter of law, the Court should calculate the pre-judgment interest award by applying the rate found in the U.C.C. However, they have made no challenge to the propriety of LINA's federal cause of action, they have brought no counterclaim under state law, and they have offered no information from which the Court could find equitable reasons for applying Idaho state law. Accordingly, the Court holds that the federal law will govern this ERISA based action. LINA is to calculate the rate of interest owed to the beneficiaries by applying the rate of interest set forth in 28 U.S.C §1961(a).

     Moreover, the Court finds no reason to treat the Life Insurance Policy unlike the Accidental Death Policy. The parties agree that both Policies were issued under Hewlett Packard's employee benefits plan, which is governed by ERISA. Moreover, Plaintiff provides, and the Court finds, no authority for applying

**Memorandum Decision and Order - 8**

different legal standards to the Policies.  Accordingly, the federal statutory rate shall be applied to both the Life Insurance Policy and the Accidental Death Policy.

Turning to the issue of the applicable time period for which interest is to be awarded, the Court notes that this is, once again, a question over which the Court has broad discretion.  *See Nichols,* 287 F. Supp.2d at 1093-94.  Unless equity requires otherwise, interest will be awarded from the date the insurer discovered it was open to multiple liability until the date the insurer placed the proceeds into the court's registry.  *Id.*  More specifically, when an insurer files an interpleader action because a beneficiary is also a suspect in the decedent's murder, interest will begin to accrue on the date that the insurer learned of the claimant's dual role.  *Id.*

As such, the court finds that interest is to be awarded on the Policies from the date that LINA learned that Ms. Thorngren was under investigation by the Meridian Police Department, until the date LINA deposits the full amount into the Court's registry.  As stated above, because neither party has provided any evidence regarding the date LINA learned of its exposure to multiple liability, the Court is ultimately unable to calculate the total interest due to the beneficiaries.

The Court will order the parties to meet and confer in an attempt to determine the full amount due under the Policies based on the Court's direction above.  It is the Court's hope that the parties can now reach agreement and file a

**Memorandum Decision and Order - 9**

stipulation with the Court.  If counsel cannot reach agreement, the Court will order the parties to contact the law clerk assigned to this matter, Jeff Severson, to set an expedited briefing schedule to finally resolve the issue.

### D.     Plaintiff's Motion for Restraining Order

Plaintiff has moved the Court to enjoin Defendants from prosecuting claims on the Policies in any other court.  When a restraining order is sought in a Rule 22 interpleader action, the court looks to the standards of  28 U.S.C §2283, [3] and Fed. R. Civ. P. 65,[4] and not to those of statutory interpleader, 28 U.S.C. §2361. *Cordner v. Metropolitan Life Insurance Company,* 234 F. Supp. 765, 768 (S.D.N.Y. 1964); Wright et al., *supra,* §1717.  As such, the court may restrain a party from filing a duplicative action only when there is an actual threat to either the stakeholder or the proceedings currently before the court.  *Id.*

Here, Defendants have not filed an action in any other court, and Plaintiff has provided no evidence from which the Court could find that any such action is imminent. Without such an immediate threat, the Court will not grant Plaintiff's

---

[3] 28 USC §2283 provides, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

[4] Fed. R. Civ. P. 65(b) provides that a restraining order may be granted only if (1) "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result."

**Memorandum Decision and Order - 10**

motion for a restraining order.[5]

### E. Plaintiff and Defendants' Request for Attorneys' Fees and Costs

Both parties have requested attorneys' fees and costs. The district court, at its sound discretion, may award attorneys' fees and cost to either party from the funds deposited with the court. *Trustees of Directors Guild of America-Producer Pension Benefit Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000)*; Gelfgren,* 680 F.2d at 81 (9th Cir. 1982). Because such an award will be deducted from the funds that rightfully belong to the proper claimant, the court does not make such an award freely. *Tise* 234 F.3d at 426.

Federal courts will generally award a disinterested stakeholder the fees and costs associated with bringing the interpleader action and depositing the funds with the court. *Id.* Such expenses typically include preparing the complaint, obtaining service of process, and preparing an order discharging the stakeholder from liability and dismissing it from the action. *Id.* Expenses arising from a dispute regarding the adequacy of the amount deposited with the court, are generally not awarded to the stakeholder. *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp,* 306 F.2d 188, 194 (9th Cir. 1962).

---

[5] The Court is aware of the defendants' assertion that they will no longer oppose the motion for restraining once the amount to be deposited with the Court's register is determined and deposited. Thus, once the parties reach a stipulation on that issue, or it is finally determined after expedited briefing, the Court will re-visit the motion for restraining order.

**Memorandum Decision and Order - 11**

Accordingly, the Court finds that LINA is entitled to the reasonable attorneys' fees and costs incurred in filing the complaint, the motions related to bringing the interpleader action, the original motion for discharge as stakeholder and the related documents.  However, in the interest of preserving the funds available for the beneficiaries, and because LINA is not a neutral party in the dispute over the interest owed, the Court will not award attorneys' fees and costs beyond those specified above.  LINA's counsel shall file a petition setting forth these expenses and costs at, or before, the time they submit a proper accounting of the interest owed to Mr. Thorngren's beneficiaries.

Defendants counter that they are entitled to attorneys' fees and costs pursuant to the Idaho Insurance Code.  This argument fails because, as the Court has stated, federal law governs this action.[6]  The Ninth Circuit has determined that fees and costs should not be awarded against a stakeholder where there is no evidence that the stakeholder acted in bad faith.  *Gelfgren,* 680 F.2d at 81.

Defendants have not argued that LINA acted in bad faith.  They have only stated that the insurer should have tendered the policy proceeds to either the beneficiary or the Court's registry within thirty days.  LINA's four month plus

---

[6] Moreover, the Idaho statute cited by Defendants provides that attorneys' fees and costs shall be awarded "in any action thereafter *brought* against the insurer." Idaho Code §41-1839(1) (emphasis added).  Here, it was the insurer, not the claimants, who filed suit.

**Memorandum Decision and Order - 12**

delay in filing the interpleader action is not, however, evidence of bad faith. *See Id.* (finding insurer did not act in dilatory manner or bad faith despite insurer's failure to file the interpleader for 19 months after the claim was submitted). Without more, the Court cannot find that Defendants are entitled to attorneys' fees and costs.

## ORDER

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Discharge as Stakeholder (Docket Nos. 12 and 30) is DENIED.

IT IS FURTHER ORDERED that within 30 days of the date of this Order, the parties shall meet and confer in an attempt to determine the full amount due under the Policies based on the Court's direction above. If counsel cannot reach agreement, the parties shall contact the law clerk assigned to this matter, Jeff Severson, to set an expedited briefing schedule to finally settle the issue.

IT IS FURTHER ORDERED that Plaintiff's Motion for Restraining Order (Docket Nos. 12 and 30) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Attorneys' Fees and Costs (Docket Nos. 12 and 30) is hereby GRANTED. Plaintiff's counsel is ordered to file a petition detailing the fees and costs it incurred, in filing the

**Memorandum Decision and Order - 13**

complaint, the original motion to discharge and the supporting documents, at, or before, the time they submit a proper accounting of interest owed to the beneficiaries.

IT IS FURTHER ORDERED that Defendants' Request for Attorneys' Fees and Costs  (Docket No. 16) is hereby DENIED.

DATED:  **September 27, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 14**